hannahh
CPCC.CV.2732808

# Citation

LEGARY D ADAMS ETAL
VS
ANTONIA ADAMS, ET AL

NO. 631154– C
STATE OF LOUISIANA
PARISH OF CADDO
FIRST JUDICIAL DISTRICT COURT

THE STATE OF LOUISIANA, TO:   OFFICER VISCOTTI
BADGE #1617 SHREVEPORT POLICE DEPARTMENT
PATROL DESK
1234 TEXAS AVENUE
SHREVEPORT, LA


RECEIVED JUL 12 2021 CHIEF OF POLICE

YOU HAVE BEEN SUED.

Attached to this Citation is a certified copy of the Petition.* The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within FIFTEEN (15) days after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Caddo Parish Court House, 501 Texas Street, Room 103, Shreveport, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within FIFTEEN (15) days, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Caddo Parish, on this date July 8, 2021.

\*Also attached are the following:
_____ REQUEST FOR ADMISSIONS OF FACTS
_____ INTERROGATORIES
_____ REQUEST FOR PRODUCTION OF DOCUMENTS

**MIKE SPENCE, CLERK OF COURT**

By: _____
Deputy Clerk

RECEIVED JUL 15 2021 CITY ATTORNEY'S OFFICE SHREVEPORT, LA

NELSON CAMERON
Attorney

A TRUE COPY - - ATTEST
_____
Deputy Clerk

These documents mean you have been sued. Legal assistance is advisable, and you should contact a lawyer immediately. If you cannot find a lawyer, please go to www.shreveportbar.com and click on the Lawyer Referral Service link, or go to the Shreveport Bar Center on the third Monday of each month from 5:30 - 7:30 for a free seminar. If eligible, you may be entitled to legal assistance at no cost to you through Shreveport Bar Legal Aid. Please call 318-222-7186 for more information.

If you are a person with a disability, please contact the Clerk of Court's office for information regarding accommodation and assistance.

**SERVICE COPY**

| | | |
|---|---|---|
| **LEGARY D. ADAMS and** | * | NUMBER: 631154 · C |
| **ANTONIA ADAMS** | * | |
| **Plaintiffs** | * | |
| | * | |
| **VERSUS** | * | **FIRST JUDICIAL DISTRICT COURT** |
| | * | |
| **CITY OF SHREVEPORT,** | * | |
| **and OFF. VISCOTTI** | * | |
| **Defendants** | * | **CADDO PARISH, LOUISIANA** |

## PETITION FOR DAMAGES

The Petition of **LEGARY D. ADAMS and ANTONIA ADAMS,** husband and wife, both major domicilliaries of Bossier Parish, Louisiana, with respect represents that:

1.

Made Defendants herein are:

**CITY OF SHREVEPORT,** a political subdivision of the State of Louisiana which can be served through Mayor Adrian Perkins, at the Office of the Mayor located at 505 Travis Street, Suite 200, Shreveport, Louisiana 71101.

**VISCOTTI,** an individual domiciled in Caddo Parish, Louisiana who at all relevant times was employed by the City of Shreveport, Louisiana as a police officer, badge #1617. He can be served at the Shreveport Police Department patrol desk, 1234 Texas Street, Shreveport, La.

**STATE OF LOUISIANA through the Department of Public Safety, Probation and Parole** which is domiciled at 504 Mayflower Ave. Baton Rouge, East Baton Rouge Parish, Louisiana.

2.

Plaintiffs show that the defendants are justly and truly indebted in solido unto Plaintiffs in a reasonable sum, for the following reasons, to-wit:

3.

Plaintiffs show that on or about June 29, 2020, Petitioner LEGARY ADAMS was

parked at Clear Horizon apartments, 4301 Illinois Street near the intersection of Hollywood and Illinois in Shreveport, Caddo Parish, Louisiana at the Clear. At which time, Officer Viscotti and other officers surrounded his vehicle. Viscotti approached Mr. Adams allegedly due to a shots fired call. Officer Viscotti asked if Mr. Adams had a firearm. Mr. Adams replied that he did, he produced the weapon. Adams voluntarily produced the weapon. Viscotti seized it.

4.

Viscotti ran Mr. Adams' name in a database from a hand held device. That data base allegedly indicated that Mr. Adams had a felony conviction. Mr. Adams immediately denied having a conviction. Mr. Adams requested that Viscotti call the dispatcher or supervisor or other person to verify the information in the database. Viscotti refused to do so even though that was the policy, practice or training to do so as a matter of course. Instead, Viscotti with deliberate indifference to LeGary's right to be free of unlawful arrest, did arrested and handcuff Mr. Adams. Viscotti knew the data base obtained from the hand held device was not reliable and contained only limited information such as a "flag" of a felony conviction.

5.

In the meantime, Mr. Adams had called his wife, Antonia Adams. After hearing her husband's explanation, she spoke to Viscotti to verify that her husband had no convictions. Viscotti continued to refuse to verify the conviction through standard procedures.

6.

Viscotti transported Mr. Adams to the Shreveport City jail where he was processed and booked. Mr. Adams continued to protest his innocence. His protests were so intense that city jailers thought he had serious mental health issues. City jailers did not attempt to verify Mr. Adams protests of innocence but instead ridiculed him. When Mr. Adams made his one phone call, the call was terminated abruptly

before he could finish the call. Viscotti transported Mr. Adams to LSU Oschner where he was examined by a psychiatrist and released. Upon return to the city jail the jailers treated him as a suicide risk and placed in isolation.

7.

In the meantime, Mrs. Adams came to the jail on Viscottis' invitation. She attempted to persuade the jailer at the front desk of her husband's innocence to no avail. Instead she was threatened with arrest if she remained.

8.

Mrs. Adams then went to the supervisor at the Shreveport Police Department. She spoke to Sgt. Moses who verified that although there was a felony reported on Mr. Adams, there was no supporting information about any conviction such as date, location or name of felony. Next, a Lieutenant and the Sargent contacted the Caddo District Attorney's Officer and spoke with Assistant DA Blewer. Blewer after investigation informed the city jail to release Mr. Adams immediately. However, by this time Mr. Adams had been transported to the Caddo Correctional Center. Eventually Mr. Adams was released later that evening on June 29, 2020.

9.

On July 10, 2020, Mr. Adams' picture and arrest were published in the *Caddo Inquisitor*. This caused him great embarrassment. A customer of his employer read the story. The customer informed his employer that Mr. Adams had a felony record. Mr. Adams again denied it. However, the employer had reason to believe from the story Mr. Adams did have a felony. He was discharged from his employment with Oxifresh where he was earning about $13.50 per hour.

10.

Mr. Adams learned that the "felony" continued to be on his record. Mr. Adams filed a complaint with the SPD Internal Affairs regarding his arrest and the erroneous

-3-

information on his record. While the complaint regarding his arrest was sustained by Internal Affairs, the Shreveport Police Department could not or would not correct his record. The Shreveport Police Department acting through Lt. Muller indicated the department with deliberate indifference to Mr. Adams' Fourth Amendment right to be free of wrongful arrest and be free of criminal defamation would not remove the information or take any action to protect or correct Mr. Adams' record. A simple phone call from the police department would have cleared upon the misunderstanding. The erroneous information was initially created by the Shreveport Police Department. Based upon information and belief, the error was created and maintained by the State of Louisiana through its criminal identification bureau. The State of Louisiana had no established safeguards or audits to prevent criminal misinformation to defame a citizen

11.

Plaintiff Adams was falsely arrested by VISCOTTI for being a felon in possession of a firearm.

12.

VISCOTTI failed to follow proper protocol in verifying criminal record of Mr. Adams when he failed to contact the dispatcher from the scene for verification. City Jailers also failed to follow protocol in verifying Mr. Adams record. And instead accused him of having mental health issues including being suicidal.

13.

No formal criminal charges were filed against Mr. Adams by the DA. However, his record continued to show he had a felony. The city did not take any steps to remove the erroneous conviction information. Mr. Adams could not and/or had great difficulty finding other employment of substantial equivalence due to the erroneous felony on his record. He and his family have moved to Texas to avoid this misinformation.

**14.**

Shreveport Officer **VISCOTTI** was at fault and negligent under La. C.C. art. 2315 in the following respects:

    a) Failing to properly verify the felony conviction.

    b) falsely arresting Mr. Adams.

**15.**

Shreveport city jailers and their supervisors were at fault and negligent under La. C.C. art. 2315 in the following respects:

    a) Failing to verify Mr. Adams' record;

    b) Treating Mr. Adams' as a person with serious mental health issues and as a result ridiculing him, requiring a psychiatric examination and placing him in more restrictive custody.

**16.**

Shreveport city patrol supervisors and shift supervisors and their supervisors were at fault and negligent under La. C.C. art. 2315 in the following respects:

    a) Failing to verify Mr. Adams' record;

    b) Failure to take steps to remove the erroneous felony conviction record from Mr. Adams' record.

**17.**

State of Louisiana acting through its Criminal Identification Bureau and its supervisors were at fault and negligent under La. C.C. art. 2315 in the following respects regarding its non-delegable duty to maintain accurate criminal records:

    a) Failing to verify or audit Mr. Adams' record to determine if underlying information matched convictions;

    b) Failure to take steps to remove the erroneous felony conviction record

from Mr. Adams' record; and

c)     clerical error in transferring information from one data base to another.

**18.**

As a result of the fault, negligence or intentional acts of Defendants, they committed acts of false arrest, intentional infliction of mental distress and abuse of processed and injury to public records of Mr. Adams.

**19.**

As a result of the fault, negligence or intentional acts of Defendants, Mr. Adams suffered past and future, mental distress, humiliation, lost income, and embarrassment and lost earning capacity. Plaintiff **LEGARY ADAMS** has suffered damages and asks to be awarded a reasonable sum plus any and all compensatory damages.

**20.**

**THE CITY OF SHREVEPORT** and **STATE OF LOUISIANA** failed to adequately and/or properly supervise or train officers including the officers in this case regarding measures to take when there is information that the criminal record of a suspect is erroneous.

**21.**

The conduct of Defendants caused plaintiff **ANTONIA ADAMS** to suffer loss of love, affection, society and consortium. The false arrest and the erroneous record has adversely caused extreme stress to Mr. Adams which has adversely affect their marriage.

**22.**

The conduct of Defendants caused plaintiff **Mrs. Adams** to suffer mental distress, humiliation, loss of consortium and embarrassment. Plaintiff **ADAMS** has suffered damages and asks to be awarded a reasonable sum plus any and all compensatory damages.

23.

The acts complained of herein were committed by employees of the City of Shreveport during the scope and course of their employment. C.C. art. 2320.

24.

Your petitioner **LEGARY ADAMS and ANTONIA ADAMS** are unable to pay costs of court in advance or as they accrue or to post bond therefore due to his poverty and want of means. **LEGARY ADAMS and ANTONIA ADAMS** are citizens of the State of Louisiana and are domiciled therein.

25.

Plaintiff LeGary Adams is entitled to an injunction requiring the State of Louisiana to correct and remove the erroneous notation on Mr. Adams' record that he has committed a felony. Plaintiff LeGary Adams is entitled to a declaratory judgment that he has no felony conviction. The public record of Mr. Adam is thus injured. His record prevents him from owning or possessing a firearm in violation of his rights under the U.S. Constitution, Second Amendment and as provided and protected by the 1974 Louisiana Constitution. Further, his injured public record prevents his obtaining substantially equivalent employment to that he had when arrested.

**PLAINTIFFS, LEGARY ADAMS and ANTONIA ADAMS,** pray that:

The Defendants, **STATE OF LOUISIANA, CITY OF SHREVEPORT, and VISCOTTI,** be duly cited to appear and answer this petition, and that they be served with copy hereof;

After necessary legal delays and due proceeding had, there would be a judgment therein in favor of Plaintiffs, **LEGARY ADAMS and ANTONIA ADAMS,** against the Defendants, **STATE OF LOUISIANA, CITY OF SHREVEPORT, J. BRYANT and HUDSON,** in the amounts for damages as are reasonable in the premises, with legal interest thereon from date of judicial demand until paid and for all

costs of these proceedings;

The fees of expert witnesses be set by the Court and taxed as costs of this suit against Defendants;

All costs of this suit, and for full, general and equitable relief for all orders and decrees necessary and proper in the premises.

The State of Louisiana be enjoined and ordered to remove from Mr. Adams' record the erroneous outstanding felony conviction and that a declaratory judgment be entered that Mr. Adams has no felony conviction on his record.

Plaintiffs be permitted leave of court to proceed informa pauperis.

Respectfully submitted:

_____

NELSON W. CAMERON #01283
Attorney at Law
675 Jordan Street
Shreveport, LA 71101
(318) 226-0111
**Counsel for Plaintiffs LeGary Adams and Antonia Adams**

SERVICE INFORMATION:

Please serve defendants in accordance
with Paragraph one (1) of this Petition and

State of Louisiana through
Office of Attorney General Jeff Landry
1885 N. Third Street
Baton Rouge, LA 70802

ATTEST
A TRUE COPY

CADDO PARISH DEPUTY CLERK

State of Louisiana through
Office of Risk Management
Louisiana Division of Administration
1201 N. Third St. Suite 7-210
Baton Rouge, LA 70802

~~STATE OF LOUISIANA~~ through
~~James M. LeBlanc, Secretary~~
~~Department of Public Safety & Corrections~~
~~504 Mayflower Ave.~~
~~Baton Rouge, Louisiana~~